UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COREY FOUNTAIN, SR.; and
JANAY FOUNTAIN,

Plaintiffs,

vs.

J. DIAZ; J. SLACK; H.
SPRADLIN; and S.
RODRIGUEZ,

Defendants.

Case No.
6:24-cv-1267-WWB-RMN

## REPORT AND RECOMMENDATION

Corey Fountain, Sr., and Janay Fountain, proceeding *pro se*, filed a civil complaint against Defendants Diaz, Slack, Spradlin, and Rodriguez (Dkt. 1) and a Motion to proceed *in forma pauperis* (Dkt. 2). The Court denied the initial IFP Motion without prejudice and dismissed Plaintiff's Complaint. Dkts. 4, 7. Thereafter, Plaintiffs filed separate Amended Complaints (Dkts. 11, 12) and amended IFP Motions (Dkts. 13, 14). Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motions and dismissing the Complaint with prejudice.

## I.  LEGAL STANDARDS

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate a plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint under section 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous within the meaning of section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837

(11th Cir.), *cert. denied*, 493 U.S. 863 (1989). If the complaint is deficient, the court must dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II.  ANALYSIS

I consider first whether Plaintiffs qualify as paupers and then the adequacy of the Amended Complaints.

### A.    Financial Information

When considering an IFP Motion, the Court must assess whether the statements in the IFP application or accompanying declaration satisfying the requirements of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). The Court does this by comparing the applicants' assets, income, and liabilities. *See, e.g., id.* at 1307–08 (noting that "the district court was unable to compare Martinez's assets with her liabilities in order to determine whether she satisfied the poverty requirement"). After a careful review of the amended IFP Motions, I find Plaintiffs qualify as paupers. *See* Dkt. 13, 14.

### B.    Adequacy of the Complaints

Plaintiffs' Amended Complaints are largely unclear as to what claims they are attempting to bring against each Defendant.[1] A liberal reading of the Complaints leads the Court to believe that Plaintiffs are attempting to bring Section 1983 claims for violations of the Fourth Amendment to the United States Constitution. *Compare* Dkt. 11 at 3

---

[1] Plaintiffs file two separate amended complaints, yet a review of each shows that the documents (Dkts. 11, 12) are identical copies of each other with different Plaintiff's names listed on each.

*with* Dkt. 12 at 3. This Report discusses each ground for dismissal of Plaintiffs' claims. And because Plaintiffs were already given leave to amend the complaints, this Report recommends the Court dismiss the Amended Complaints with prejudice and deny the IFP Motions accordingly.

### 1.    Shotgun Pleading

This Court has already dismissed Plaintiffs' first complaint as a shotgun pleading. *See* Dkt. 7.[2] Nevertheless, Plaintiff's Amended Complaints still do not pass muster on this ground.

The Eleventh Circuit has repeatedly condemned shotgun pleadings. In fact, the Eleventh Circuit has acknowledged its "thirty-year salvo of criticism aimed at shotgun pleadings" and identified four categories. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Plaintiffs' Amended Complaints fit squarely into at least three of the categories identified as they are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; they are "one[s] that commit[] the sin of not separating into a different count each cause of action or claim for relief"; and they "assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

---

[2] The Court previously provided Plaintiffs guidance on how to properly allege the claims they wish to bring, explaining that they should "include more factual allegations about the traffic stop, how Plaintiffs were injured, the specific claims they bring against each Defendant, and how the factual allegations support each claim." Dkt. 7 at 9.

In other words, the Amended Complaints do not properly list causes of action and lump the alleged wrongful conduct—to the extent any is alleged—onto all of the named Defendants. Therefore, the Amended Complaints fail to separate into different counts the various claims asserted, depriving Defendants of "adequate notice of the claims" asserted and the grounds supporting each claim. *Id.* at 1323. As a result, the Court and the Defendants face the onerous and likely hopeless task of sifting through the Amended Complaints to determine which facts (if any are alleged) are relevant to what causes of action (if any are listed). This manner of pleading contravenes the mandate of Federal Rule of Civil Procedure 8(a) that pleadings contain "short and plain" statements "showing that the pleader is entitled to relief" for the asserted claim. Fed. R. Civ. P. 8(a)(2). As such, the Amended Complaint should be dismissed as shotgun pleadings.

### 2.    Section 1983 Claims

Although I respectfully recommend the Court dismiss the Complaints as shotgun pleadings, this Report will discuss the alleged claims, if any exist, on the merits as well.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). "More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." *Hannah v. Union Corr. Inst.*, No. 3:12-cv-436, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) (citing *L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739

F.2d 553, 556–57 (11th Cir. 1984)). "[I]n the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under 42 U.S.C. § 1983." *Id.*

Plaintiffs take issue with a traffic stop that resulted in Plaintiff Corey Fountain being placed under arrest. Dkt. 11 at 5. Plaintiffs state that there was an "unreasonable search of a motor vehicle," and that Plaintiff Corey Fountain was "detained unlawfully." *Id.* at 5–6, 7. Like the previous iteration of the Complaints, Plaintiffs fail to plead plausible factual support, besides the mere conclusory allegations that their rights were somehow violated, that Defendants did not have probable cause to search his vehicle and arrest him. Each of Plaintiffs' allegations, even when taken as true, do not support Plaintiffs' ultimate conclusion that their rights[3] were somehow violated. Instead, the Amended Complaints, as written, merely allege actions taken by law enforcement to investigate potential traffic violations or other unlawful activity and arrest Plaintiff Corey Fountain based on the outcome of those investigations or other actions taken during the traffic stop. The only allegations to suggest any conduct was unlawful are Plaintiffs' own conclusory suggestions stating so.

Again, and because Plaintiffs fail to identify what—if any— specific conduct is alleged against each Defendant and the *specific facts* surrounding Plaintiff's arrest, Plaintiff fails to allege any claim for relief

---

[3] Plaintiff Janay Fountain seemingly does not allege that *she* was the individual arrested, so the Court is at a loss as to *how* her individual rights were violated in this encounter with police.

pursuant to Section 1983 based on the alleged search of the vehicle or arrest.

## C.  Dismissal of Claims with Prejudice

A *pro se* plaintiff must be given at least one chance to amend his complaint before the court dismisses it. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002) (en banc). Plaintiffs have had multiple opportunities to plead a federal claim[4] and have not done so. The time has come to dismiss this action. I respectfully recommend that the Court do so.

## III.  RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **DENY** Plaintiffs' Motions to Proceed *in forma pauperis* (Dkts. 13, 14);

2.      **DISMISS with prejudice** Plaintiffs' Amended Complaints (Dkts. 11, 12); and

3.      **DIRECT** the Clerk to terminate any pending deadlines and close the file.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within

---

[4] Plaintiffs currently have one other case pending before the undersigned wherein they attempt to bring substantially similar claims. *See Fountain et al v. Joseph*, No. 6:24-cv-1266-PGB-RMN.

14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on March 3, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Hon. Wendy W. Berger
Corey Fountain, Janay Fountain
PO Box 551137
Orlando, FL 32855